The evidence would have sustained an award to the wife of monthly periodic alimony in an amount of $800. In fact, there was testimony supportive of an award in excess of $1,000. The decree specifically provides that $300 of the $800 is contingent upon the continued college attendance by two of the husband's children, one who had attained majority at the time of the decree and one who would do so within one year thereafter. In light of the express language of the decree, the conclusion is inescapable that this $300, to the extent that it was to be paid to the wife after the sons were 19 years old, constitutes payments for the support of adult children. Under the circumstances of this case, the trial court was without authority to require such payments. Put another way, the trial court cannot accomplish its laudable objective by calling that which is child support periodic alimony. This is particularly true in this instance where the trial court specifically and graphically dictates what in fact it is doing.